UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  1:20-cv-02422-LPH-DML |
| ) | |
| WESLEY BEACHY, K and K ) | |
| TRUCKING, INC., ANTHONY PERNELL,) | |
| KATHLEEN SETTLE, JULIE STROUP, ) | |
| CARRIE LANE, and RACHEL DUFFER ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, Jose Gomez, by counsel, Ryan D. Etter of Ken Nunn Law Office, and for his cause of action against the Defendants, Wesley Beachy, K and K Trucking, Inc., Anthony Pernell, Kathleen Settle, Julie Stroup, Carrie Lane, and Rachel Duffer, alleges and states as follows:

**STATEMENT AND JURISDICTION**

1. This is a clear liability collision in which Defendants Wesley Beachy and K and K Trucking, Inc.'s 2010 Kenworth tractor and attached trailer was negligently driven by Wesley Beachy, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez.  As a result of the collision, Plaintiff has incurred medical expenses, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this cause.

2. That the plaintiff, Jose Gomez, is a citizen of the state of Indiana.

3. That the defendant, Wesley Beachy, is a citizen of the state of Michigan.

4. That the defendant, K and K Trucking, Inc., is a citizen of, and is incorporated in, the

state of Michigan.

5. This is a clear liability collision in which the defendant, Anthony Parnell, negligently drove his vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez. As a result of the collision, Plaintiff has incurred medical expenses, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this cause.

6. That the defendant, Anthony Pernell, is a citizen of the state of Indiana.

7. This is a clear liability collision in which the defendant, Kathleen Settle, negligently drove her vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez. As a result of the collision, Plaintiff has incurred medical expenses, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this cause.

8. That the defendant, Kathleen Settle, is a citizen of the state of Indiana.

9. This is a clear liability collision in which the defendant, Julie Stroup, negligently drove her vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez. As a result of the collision, Plaintiff has incurred medical expenses, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this cause.

10. That the defendant, Julie Stroup, is a citizen of the state of Indiana.

11. This is a clear liability collision in which the defendant, Carrie Lane, negligently drove her vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez. As a result of the collision, Plaintiff has incurred medical expenses, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this

cause.

12. That the defendant, Carrie Lane, is a citizen of the state of Indiana.

13. This is a clear liability collision in which the defendant, Rachel Duffer, negligently drove her vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez. As a result of the collision, Plaintiff has incurred medical expenses, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this cause.

14. That the defendant, Rachel Duffer, is a citizen of the state of Indiana.

### FIRST CAUSE OF ACTION

NEGLIGENCE OF WESLEY BEACH

15. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 above as if fully restated verbatim.

16. On or about December 5, 2019, Defendant Wesley Beachy negligently drove a tractor-trailer, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez.

17. Defendant Wesley Beachy had a duty to operate his tractor trailer in a safe and reasonable manner.

18. Defendant Wesley Beachy failed in the above mentioned duties and is therefore negligent.

19. Defendant Wesley Beachy's negligence was the direct and proximate cause of Plaintiff's injuries.

20. Plaintiff Jose Gomez's injuries and damages are permanent.

21. Plaintiff, Jose Gomez, has incurred medical bills for the treatment of his injuries

directly resulting from this collision.

22. As a direct and proximate result of Wesley Beachy's negligence, Jose Gomez has experienced physical and mental pain and suffering, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

## SECOND CAUSE OF ACTION

### NEGLIGENCE PER SE OF WESLEY BEACHY

23. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 above as if fully restated verbatim.

24. Wesley Beachy violated state and federal statutes and regulations including but not limited to Title 9 of the Indiana Code.

25. Defendant Wesley Beachy's statutory violations directly and proximately caused Plaintiff's damages and injuries.

26. Defendant Wesley Beachy is negligent per se based on these statutory and regulatory violations.

## THIRD CAUSE OF ACTION

### RESPONDEAT SUPERIOR OF K and K TRUCKING, INC.

27. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 26 above as if fully restated verbatim.

28. Defendant Wesley Beachy was the employee, agent, servant, or independent contractor for K and K Trucking, Inc.  Accordingly, K and K Trucking, Inc. is vicariously liable for the acts of Defendant Wesley Beachy for the causes of action above.

## FOURTH CAUSE OF ACTION

NEGLIGENCE OF ANTHONY PERNELL

29. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 28 above as if fully restated verbatim.

30. On or about December 5, 2019, Defendant Anthony Pernell negligently drove a vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez.

31. Defendant Anthony Pernell's negligence was the direct and proximate cause of Plaintiff's injuries.

32. Plaintiff Jose Gomez's injuries and damages are permanent.

33. Plaintiff, Jose Gomez, has incurred medical bills for the treatment of his injuries directly resulting from this collision.

34. As a direct and proximate result of Anthony Pernell's negligence, Jose Gomez has experienced physical and mental pain and suffering, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

## FIFTH CAUSE OF ACTION

NEGLIGENCE OF KATHLEEN SETTLE

35. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 above as if fully restated verbatim.

36. On or about December 5, 2019, Defendant Kathleen Settle negligently drove a vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez.

37. Defendant Kathleen Settle's negligence was the direct and proximate cause of Plaintiff's injuries.

38. Plaintiff Jose Gomez's injuries and damages are permanent.

39. Plaintiff, Jose Gomez, has incurred medical bills for the treatment of his injuries directly resulting from this collision.

40. As a direct and proximate result of Kathleen Settle's negligence, Jose Gomez has experienced physical and mental pain and suffering, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

### SIXTH CAUSE OF ACTION
NEGLIGENCE OF JULIE STROUP

41. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 40 above as if fully restated verbatim.

42. On or about December 5, 2019, Defendant Julie Stroup negligently drove a vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez.

43. Defendant Julie Stroup's negligence was the direct and proximate cause of Plaintiff's injuries.

44. Plaintiff Jose Gomez's injuries and damages are permanent.

45. Plaintiff, Jose Gomez, has incurred medical bills for the treatment of his injuries directly resulting from this collision.

46. As a direct and proximate result of Kathleen Settle's negligence, Jose Gomez has experienced physical and mental pain and suffering, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE OF CARRIE LANE

47. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 46 above as if fully restated verbatim.

48. On or about December 5, 2019, Defendant Carrie Lane negligently drove a vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez.

49. Defendant Carrie Lane's negligence was the direct and proximate cause of Plaintiff's injuries.

50. Plaintiff Jose Gomez's injuries and damages are permanent.

51. Plaintiff, Jose Gomez, has incurred medical bills for the treatment of his injuries directly resulting from this collision.

52. As a direct and proximate result of Carrie Lane's negligence, Jose Gomez has experienced physical and mental pain and suffering, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE OF RACHEL DUFFER

53. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 52 above as if fully restated verbatim.

54. On or about December 5, 2019, Defendant Rachel Duffer negligently drove a vehicle, causing a chain reaction collision with the vehicle driven by Plaintiff, Jose Gomez.

55. Defendant Rachel Duffer's negligence was the direct and proximate cause of Plaintiff's injuries.

56. Plaintiff Jose Gomez's injuries and damages are permanent.

57. Plaintiff, Jose Gomez, has incurred medical bills for the treatment of his injuries directly resulting from this collision.

58. As a direct and proximate result of Rachel Duffer's negligence, Jose Gomez has experienced physical and mental pain and suffering, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

WHEREFORE, the Plaintiff, Jose Gomez, by counsel Ryan D. Etter of Ken Nunn Law Office, demands judgment against the Defendants, Wesley Beachy, K and K Trucking, Inc., Anthony Pernell, Kathleen Settle, Julie Stroup, Carrie Lane, and Rachel Duffer for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, property damage including, but not limited to, diminished value, and other special expenses, court costs and all other just and proper relief in the premises.

KEN NUNN LAW OFFICE

BY: *s/ Ryan D. Etter*
Ryan D. Etter, #27832-49
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN  47404
Phone: (812) 332-9451
Fax: (812) 331-5321
E-mail: ryane@kennunn.com

## CERTIFICATE OF SERVICE

I affirm, under the penalties of perjury, that on or about October 23, 2020, service of a true and complete copy of the above and foregoing pleading or paper was filed through the Court's EFC system.

Erin A. Clancy
Kightlinger & Gray LLP
eclancy@k-glaw.com

Ryan Farner
Kightlinger & Gray
rfarner@k-glaw.com

Jordan M. Slusher
Kightlinger & Gray, LLP
jslusher@k-glaw.com

                        KEN NUNN LAW OFFICE

                        BY:    *s/ Ryan D. Etter*
                                   Ryan D. Etter, #27832-49
                                   KEN NUNN LAW OFFICE
                                   104 South Franklin Road
                                   Bloomington, IN  47404
                                   Phone: (812) 332-9451
                                   Fax: (812) 331-5321
                                   E-mail: ryane@kennunn.com

Ryan D. Etter, #27832-49
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone:  812-332-9451
Fax Number:   812-331-5321
Attorney for Plaintiff